**DENIED and Opinion Filed August 15, 2023**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00777-CV**

**IN RE KAZIM OLADOTUN OYENUGA, Relator**

**Original Proceeding from the 470th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 470-52919-2022**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Carlyle, and Garcia
Opinion by Justice Carlyle

In his August 8, 2023 "petition for writ proceedings relief," which we construe as a petition for writ of mandamus, relator asks this Court to compel the trial court to vacate a post-answer default judgment entered against him in a divorce proceeding. Also before the Court is relator's separate motion to stay.

Entitlement to mandamus relief requires relator to show that the trial court clearly abused its discretion and that relator lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). It is relator's burden to provide a record sufficient to establish his right to mandamus

relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see also* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

Relator's petition does not comply with the Texas Rules of Appellate Procedure in numerous respects. *See* TEX. R. APP. P. 52.1, 52.3(a)–(k), 52.7(a). For instance, a petition seeking mandamus relief must include a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Relator failed to certify his petition.

Additionally, Rule 52.3(k)(1)(A) requires a relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." Rule 52.7(a)(1) requires the relator to file with his petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." The only documents included in relator's record are a purported e-filing receipt and a purported email forwarding the same to the trial court and opposing counsel. These documents are neither certified nor sworn copies. They also form an incomplete record based on the relief relator seeks.

Additionally and alternatively, based on relator's petition and the record before us, we conclude that relator has failed to establish entitlement to mandamus relief on the merits. The extraordinary nature of the mandamus remedy and the requirement that a party seeking mandamus relief exercise diligence both mandate

that arguments not presented to the trial court cannot first be considered in an original proceeding seeking mandamus. *In re Floyd*, No. 05-16-00491-CV, 2016 WL 2353874, at *1 (Tex. App.—Dallas May 3, 2016, orig. proceeding) (mem. op.). Relator's petition relies on his argument that he has satisfied the *Craddock* elements; but the petition and record do not reflect that he raised this argument in the trial court. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

We also deny relator's motion to stay as moot.


/Cory L. Carlyle//

230777f.p05
CORY L. CARLYLE
JUSTICE